IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMAPER CORPORATION, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 05-1103 |
| ANTEC, INC., ET AL., : | |
|     Defendants. : | |

**Tucker, J.**                                                                                                                                              **September 27, 2007**

## MEMORANDUM AND ORDER

      This is a patent case. Plaintiff Comaper Corporation ("Comaper") brings this action against Defendants Antec, Inc., Best Buy and MicroCenter (collectively "Antec") for allegedly infringing on United States Patent No. 5,955,955 (the "'955 Patent"), which Plaintiff owns. The '955 Patent disclosed a device entitled Drive-Bay Mounted Cooling Device. Presently before this Court is Antec's Motion for Summary Judgment on Noninfringement (Doc. 51), Plaintiff's Response in Opposition (Doc. 54), Comaper's Motion for Summary Judgment of Infringement (Doc. 53), Antec's Response in Opposition (Doc. 56), Antec's Motion for Summary Judgment on Invalidity Due to Obviousness (Doc. 52), Plaintiff's' Response in Opposition (Doc. 55), the parties' reply briefs (Docs. 57 & 58); and oral argument held before this Court on September 24, 2007. For the reasons set forth below, upon consideration of the parties' cross-motions, and all responses filed thereto, this Court will deny the parties' cross motions infringement/noninfringement, and deny Defendants' motion on invalidity due to obviousness.

## BACKGROUND

      From the evidence of record, the pertinent facts are as follows. Comaper is a Pennsylvania corporation and is the owner of the '955 patent. The co-owners of Comaper are William Corcoran

and Gary Smith. In the early 1990s, Corcoran and Smith became acquainted with one another while they were both employed at a company named UCR in Pennsylvania. While at UCR the two men discussed Corcoran's idea for a drive bay cooling system for computers and decided to apply for a patent as co-inventors.

Smith and Corcoran sought to prosecute their application for a patent and formed a corporation which was later named Comaper. The Patent was assigned to Comaper in or about 2004.

Antec, Inc., a California corporation having its principal place of business in Fremont. California, manufactures computer accessories sold under the names "Hard Disk Cooling System with Temperature Monitors, "HD Cooler, and "Hard Disk Drive Cooler," (collectively " the Accused Devices"). In or about 2003, while at MicroCenter and Best Buy, Corcoran saw two devices that he felt infringed the '955 Patent. Corcoran purchased the devices and sent them to his attorney. Comaper identified the Accused devices as infringing.

Comaper sent letters to Antec informing them of the '955 Patent and its claim that the Antec devices infringed the '955 Patent. Defendants continued to sell and market their cooling drive equipment. In 2005, Comaper brought suit against Antec for infringement of independent claims 1 and 12 as well as dependent claims 2, 7, and 13 ("the claims") of the '955 Patent.

On July 17, 2006, pursuant to <u>Markman v. Westview, Inc.</u>, 517 U.S. 370 (1996), a <u>Markman</u> hearing was held before this Court to determine the meaning of disputed terms in the '955 Patent. On September 13, 2006, the Court ordered the disputed terms defined as follows:

1. "Case" shall mean a structure for containing and holding something;

2. "Drive Bay Slot" shall mean the relatively narrow opening in the housing of the computer that leads to the drive bay;

3. "Second Opening" shall mean a separate opening that is exposed to the drive bay

       region;

4.    "Case occupies substantially the entire drive bay slot" shall mean, when installed, the case occupies almost entirely the slot leading to the drive bay.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events

against opponent, even if the quality of the movant's evidence far outweighs that of its opponent." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

## DISCUSSION

### I.   Noninfringement/Infringement

In its Motion for Summary Judgment on Noninfringement, Antec argues that the accused devices do not literally infringe the patent because none of the devices have a separate "second opening." Antec claims that in order to infringe, the accused devices must have an opening, separate from the first opening, which has access to outside air. None of the accused devices, according to Antec have a separate, second opening since that the front and back side of the fan cannot constitute a second, separate opening.

Comaper responds that Antec's argument cannot be accepted since it is "divorced from reality" and that summary judgment on the issue of infringement should be granted. Specifically, Comaper argues that Antec seeks a finding that if the back side of the fan is the same as the front side of the fan, then the opening on front side must be the same opening on the back side of the fan. Comaper explains that Antec's argument cannot be accepted given that the front side of the fan is not the back side, since the fan, as a three-dimensional object, has separate planes. The front side, Comaper avers, is essentially on one plane and the back side is essentially on a different plane at distance from the first plane. Thus, the back plane must, under Comaper's analysis, have its own separate opening–a second opening, and literally infringes the '955 patent.

Antec contends that adoption of Comaper's argument would require that the Court construe

4

the claims in a way that would render them invalid. Antec claims that Comaper's construction would invalidate the patent since it would read on the Pollard prior art.[1] Antec points out that during the prosecution of the instant applications, the patentees distinguished their invention from the Pollard patent and thus they are barred by prosecution history estoppel from reclaiming what was changed in their efforts to distinguish. Antec points out that the Pollard patent consisted of a face plate over a drive bay slot behind which were mounted fans that blew directly into the interior of the computer. However Antec's explanation does not necessarily result in its asserted conclusion none of the devices have a separate second opening. Further, Antec's bald assertion that "the backside of the fan is not separate from its front side as a matter of law" cannot serve to satisfy its Rule 56 burden.

Antec's second contention on non-infringement professes that the accused devices do not infringe under the doctrine of equivalents because they do not perform the same function in the same way. The doctrine of equivalents provides a cause of action for a patentee against the producer of a device "if it performs substantially the same function in substantially the same way to obtain the same result." Graver Tank & Manufacturing Co. v. Linde Air Products, 339 U.S.605, 608 (citing Sanitary Refrigerator Co. v. Winters, 280 U.S. 30, 42 (1929). Antec correctly states that equivalence is a question of fact and summary judgment can be granted only if no reasonable fact finder could find equivalence. However, Antec's argument in this regard relies on the premise that the accused

---

[1] In 1994, Corcoran and Smith filed Application No. 08/349,964 entitled "Drive-Bay Mounted Computer Cooling Device." (Andris Decl. ¶ 5 , Ex. B.) In the First Office action and the Second Office action the PTO rejected certain claims as unpatentable. Of specific relevance, the Examiner stated that the amended claims 14-16 were anticipated under section 102 by Pollard et al. (U.S. Patent No. 5, 171, 183). (Def. Mot. Summ. J. Ex. B). The Examiner noted that the "case" as claimed, was met by a case found in Pollard having a plurality of openings which was attached to an air movement device configured within a bay of the computer. (Id.) After several rejections of the application and amended applications, in 1998 an Examiner Amendment was filed with a Notice of Allowance. (Def. Mot. Summ. J. Ex. C). The specific reason for allowance cited states: "The case for the cooling device mounted in the drive slot does not provide housing for a disk drive which is different from Pollard et al. reference wherein the case housed both the cooling device and the disk drive." (Def. Mot. Summ. J. Ex. C).

devices do not have a separate opening. This Court cannot agree that there is exists no issue of material fact in determining whether there exists a "second opening" in the "case" as interpreted by the Court in its Markman opinion. A jury could reasonably conclude that Antec's products have a second opening through which air leaves the case. That finding could reasonably lead to the conclusion that Antec's devices perform substantially the same function in substantially the same way to obtain the same result; in other words that Antec's devices infringe under the doctrine of equivalents.

The existence of an issue of material fact on whether the case in Antec's devices contain a "second opening," precludes summary judgment of patent infringement/non-infringement.

## II.   Obviousness

In support of its motion for summary judgment based on invalidity due to obviousness, Antec argues that the claims are rendered obvious by a combination of alleged prior art:  (1) Fujitsu M2311K with a Hard Drive (M2322K) and Fan (B03B-4740-E005A) (1982) ("Fujitsu");(2) IBM RISC System/6000 Model 58H (1993) ("IBM Risc"); and (3) Control Data Corporation 910 Workstation (1988) ("CDC 910").

As the movant, Antec has failed to meet its initial burden of production under Rule 56. The party asserting invalidity of a patent at summary judgment must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find that challenger failed to meet its burden. Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 893 (Fed. Cir. 1984). This burden does not shift to Comaper unless Antec has meet its burden. Celotex Corp. v. Carrett, 477 U.S. 317, 323-24 (1986).

Pursuant to the Patent Act, 35 U.S.C. § 103, a patent may not be issued when:

the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."

The Supreme Court of the United States elaborated the analysis for applying the statutory language of 103 stating:

Under § 103, the scope and content of the prior art are to be determined; the differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background the obviousness or non-obviousness of the subject matter determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented.

See also, KSR Int'l Co. v. Teleflex Inc., 127 S. Ct. 1727, 1734 (April 30, 2007).

An issued patent is presumed valid. 35 U.S.C. 282; KSR Int'l Co., 127 S.Ct at 1737. Thus this Court must determine whether under summary-judgment standards, Antec has overcome the presumption and demonstrated that the claims are obvious in light of the prior art in existence when Comaper's device was invented. See KSR Int'l Co., 127 S.Ct at 1737; See also Graham v. John Deere Co. of Kansas City, 383 U.S. 1 (1966).

Comaper argues that Antec has failed to establish the devices as prior art. The Court agrees. Before the Court can begin a § 103 inquiry into scope and content, a device must qualify as prior art under the subparagraphs of 35 U.S.C § 102, which requires in pertinent part;

(a) the invention was known or used by others in this country, or
(b) the invention was patented or described in a printed publication or in public use or sale in this country, more than one year prior to the date if the application for patent in the United States, or

. . .
(e) The invention was described in . . . an application for patent . . . by another filed in the United States [which published] before the invention by the applicant for patent

. . . .

Although Antec avers that there is no factual dispute that the CDC 910 and the IBM Risc were sold and used more the one year prior to the filing of the '955 patent, the Court finds that this issue is indeed in dispute. Antec provides no factual basis to conclude that the devices were indeed accessible to the public. While Antec does provide a thorough explanation of the components of each device, it does not provide the Court with any factual basis upon which to determine when the devices were sold or otherwise qualify as prior art under § 102. Further, Antec does not endeavor to establish under which category the Fujitsu device would qualify as prior art pursuant § 102. Since Antec has not overcome the presumption of patent validity under summary judgment standards, this Court cannot grant its motion.

## **CONCLUSION**

The parties now move this Court for summary judgment on the issue of infringement or noninfringement and agree that the question of patent infringement before the Court turns on what qualifies as a second opening in the accused devices. Because there remain genuine issues of material fact for determination at trial, the parties' cross motions will be denied. Defendant further moves for summary judgment of invalidity based on obviousness. Since Defendant has failed to meet its burden, summary judgement will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMAPER CORPORATION,** : | |
| Plaintiff, : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | **NO. 05-1103** |
| **ANTEC, INC., ET AL.,** : | |
| Defendants. : | |

## ORDER

**AND NOW**, this ____ day of September 2007, upon consideration of Antec's Motion for Summary Judgment on Non-infringement (Doc. 51), Plaintiff' s Response in Opposition (Doc. 54), Comaper's Motion for Summary Judgment of Infringement (Doc. 53), Antec's Response in Opposition (Doc. 56), Antec's Motion for Summary Judgment on Invalidity Due to Obviousness (Doc. 52), Plaintiff's' Response in Opposition (Doc. 55),; the parties' reply briefs (Docs. 57 & 58); and oral argument held before this Court on September 24, 2007, **IT IS HEREBY ORDERED AND DECREED** that:

1. Antec's Motion for Summary Judgment on Noninfringement (Doc. 51) is **DENIED.**

2. Comaper's Motion for Summary Judgment of Infringement (Doc. 53) is **DENIED**.

3. Antec's Motion for Summary Judgment on Invalidity Due to Obviousness (Doc. 52) is **DENIED.**

BY THE COURT:

/s/ Petrese B. Tucker

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

9