THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMAPER CORPORATION | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 05-1103 |
| v. | : | |
| | : | |
| ANTEC, INC., BEST BUY CO., INC., | : | |
| AND MICRO ELECTRONICS, INC., | : | |
| | : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF PLAINTIFF COMAPER CORPORATION'S MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 59(e) OF ORDER DENYING ENHANCED DAMAGES ON DECEMBER 17, 2008**

## THE *READ* FACTORS SUPPORT A
## FINDING OF ENHANCED DAMAGES IN THIS CASE

"As many courts have noted, without some award of enhanced damages, '[w]illful infringers have no incentive not to infringe ... .'" *Cybor Corp. v. FAS Technologies, Inc*, 138 F.3d 1448, 1468 (Fed. Cir. 1996) (quoting *Lightwave Technologies*, 19 U.S.P.Q.2d at 1848; and referencing *Datascope*, 14 U.S.P.Q.2d at 1074). These courts recognize that, without enhanced damages, an infringer is better off willfully disregarding a valid patent and forcing litigation, rather than voluntarily taking a license. The reason is simple—even if the infringer loses, it is only faced with the prospect of paying a reasonable royalty—the same as it would have had to pay anyway if it had voluntarily taken a license. The incentive to willingly infringe is even higher when the costs to litigate exceed the reasonable royalty. In such a situation, the patent holder has no incentive to stop the deliberate infringement of its patent because protecting the patent will cost more than any reasonable royalty it receives. Indeed, without enhanced damages and attorney fees, an infringer has no incentive to negotiate in good faith with a smaller plaintiff, but rather is motivated to force the patent holder to litigate and run up costs. Even if the smaller patent holder wins *every* battle, it *will* lose the war absent a finding of enhanced damages or an award of attorney fees. Such is the situation we have here.

This is a case of two hardworking inventors, who were awarded a patent on their work, only to have it recklessly disregarded by Antec. As the jury found, Antec had no good faith basis for believing the '955 patent was either not infringed or invalid. Indeed, Antec did not even *initiate* a validity search until after the close of fact discovery and *just*

2

*months before* trial. Antec's disregard of the patent was so brazen, that it did nothing to modify its products to avoid infringement and even introduced *new infringing products* after being warned of the '955 patent.

Antec and the other defendants have a combined worth of billions of dollars, and means far beyond Comaper to litigate. And litigate they did--refusing to settle, and taking a clear case of patent infringement all the way through trial. They attempted to intimidate, harass, and bury the inventors in *meaningless* defenses, *bad-faith* invalidity positions, and scores of irrelevant prior art patents, hoping the two inventors would go away. But the inventors persevered. Justice requires that the Antec et al. pay enhanced damages for their willful infringement and their conduct in general in this litigation.

In a footnote of the Court's order denying the motion for enhanced damages, the Court indicated that most of the *Read* factors (*Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992)) failed to support a finding of enhanced damages. Reconsideration is respectfully requested. Comaper submits that, in fact, most of the *Read* factors support a finding of enhanced damages in the present case. These factors are listed below along with brief factual support.

1. **Antec failed to investigate the scope of the '955 patent and had no good faith basis for believing the Patent was invalid or not being infringed.**
    - The jury returned a verdict that Antec infringed every claim asserted willfully and in reckless disregard of the '955 patent

3

- Antec admitted during trial that it had not sought or received an opinion of counsel.[1] (See also Testimony of Forster, Trial Transcript, Day 3, 18:4-16.) Despite these clear admissions, Antec falsely represented to this Court that it *had* obtained an opinion of counsel in its opposition to this motion.[2]

- Antec lacked a good-faith belief that the '955 patent was invalid when it asserted this defense. In fact, Antec did not even initiate a validity search *until five months before trial,* obviously after it realized the case was going to trial (Trial Transcript, Day 3, 27:15-29:17). This was after the close of fact discovery and *two years* after Antec filed its counterclaim that the patent was invalid. *Id.*

---

[1] For example, in a side bar, Mr. Andris (Antec's attorney) admits that Antec did not obtain an opinion from Mr. Lee, Antec's patent counsel, and that he was not trying to prove that:

> MR. ANDRIS: ... I THINK YOU ARE GOING TO FIND OUT THAT [MR. LEE] DID *NOT* DO ANY IN-DEPTH RESEARCH. HE *DIDN'T* PREPARE A LONG OPINION WITH PATENTS ATTACHED TO IT AND SOME SORT OF CLAIM CONSTRUCTION AND THEN COME UP WITH A NONINFRINGEMENT OPINION WHICH IS TYPICAL ADVICE OF COUNSEL DEFENSE.
>
> THE COURT: WHICH THE WITNESS HAS ALREADY SAID WE DON'T HAVE IN THIS CASE.
>
> MR. ANDRIS: WE *DON'T* HAVE THAT, AND WE *DIDN'T* DO IT.

(Trail Transcript, Day 3, 118:10-19, emphasis added). Therefore, Antec through its attorney, Mr. Andris, admits that Antec's patent attorney did not prepare an opinion commensurate with an advice of counsel defense. Likewise, no document or communication was identified by Antec in response to Comaper's interrogatories requesting whether such opinions existed.

[2] Remarkably, in its brief, Antec stated that "Antec obtained an opinion of counsel from a registered patent attorney. Based on that opinion, . . .there is no evidence that Antec knew it was infringing or likely to infringe."

4

2. **Antec's conduct during litigation was vexatious**

   - Antec buried Comaper in scores of prior art patents that it represented formed the basis of its invalidity defense, but then relied on different prior art during trial. Specifically, in response to Comaper's *repeated* interrogatory requests that Antec provide its contentions that the '955 patent was invalid, Antec asserted *eighty eight (88)* prior art patents. (see Declaration of Stephen J. Driscoll, ¶3, filed September 22, 2008). During trial, however, Antec's experts did not rely on these references, but rather on prior art devices (e.g. RISC, AS/400, and the Fujitsu devices) that were not disclosed until after the close of fact discovery. (See, e.g., Trial Transcripts, Day 3, 53-83, Day 4, 28-57)

   - Antec harassed Comaper with a multitude of unjustified, frivolous, litigation-inspired "defenses." Antec asserted *twenty three* (23) affirmative defenses, including inequitable conduct. Aside from prior art invalidity, Antec never attempted to prove any of them at trial.

3. **The case was not even close**

   - After a week long trial, the jury returned a verdict—*in less than four (4) hours*--that all the asserted claims were willfully infringed, and that the independent claims were valid.

   - The Court ruled as a matter of law that there was insufficient evidence to find the dependent claims invalid.

- Despite raising twenty three (23) affirmative defenses and a counterclaim of invalidity, Antec failed to prove a *single* claim.

4. **Antec continued to infringe for years after learning of the '955 patent**
   - The evidence presented in this action shows that Antec began infringing the '955 Patent in 1999 and never ceased its infringing activities. (Trial Transcript, Day 3, 26:21-27:10).

5. **Antec not only failed to take remedial action to avoid infringement, but even introduced a new infringing product after receiving notice of the '955 patent.**
   - Antec launched a new infringing product, the HD Cooler, in January 2004 after receiving notice of the '955 patent without conducting any analysis of the patent's validity (Trial Transcript, Day 3, 26:21-28:10).

6. **Defendants are large and capable of handling enhanced damages**
   - Best Buy has a market capitalization of approximately $14 billion, Microcenter has reported revenue of $1.05 billion, and Antec had sales of approximately $100 million in 2007 (Trial Transcript, Day 3, 13:16).
   - Antec indicated that it is being indemnified by the manufacturer of the drive bay cooling devices. (Id. at 34:1-36:19.)

Therefore, at least six (6) of the nine (9) factors of *Read* support a finding enhanced damages. Such a significant number of factors militate in favor of trebled damages. That is, not only is the most important factor in determining enhanced

damages, i.e., willful infringement, irrefutably supported by this case, but also other key factors, such as vexatious litigation and Antec's introduction of new infringing products after Antec knew of the '955 patent, are also supported. Accordingly, when weighing the factors very little, if any, evidence tips the scales away from a determination of enhanced damages. The Court's comment that there was no evidence supporting some of the *Read* factors appears to overshadow the evidence supporting most of the *Read* factors. Indeed, very few cases, *if any*, award enhanced damages after finding that *all* of the Read factors favored the patentee's position. For example, in *Cybor Corp.*, the Federal Circuit overturned the district court's ruling denying enhanced damages after finding that the case supported just four (4) of the *Read* factors, 138 F.3d at 1463-65.

Therefore, Comaper respectfully requests reconsideration of the denial of enhanced damages, especially if the Court is inclined to deny attorney fees (motion currently pending). That is, Comaper has incurred considerable costs in pursuing justice in this case. Without an award of attorneys' fees and costs, Comaper will be forced to absorb these costs, even though it won every decision in the case, from the Markman hearing, to the willful infringement jury verdict, and finally to the JMOL holding all the claims valid. A finding of enhanced damages is needed just to mitigate a small portion of these costs.

                                                      Respectfully submitted,

Dated: December 31, 2008                /s/Stephen J. Driscoll
                                                      Stephen J. Driscoll

                                                      Attorney for Plaintiff
                                                      Saul Ewing, LLP
                                                      1500 Market Street
                                                      Philadelphia, PA 19102-2186
                                                      Telephone:   (215) 972-7872

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMAPER CORPORATION : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 05-1103 |
| v. : | |
| : | |
| ANTEC, INC., BEST BUY CO., INC. AND : | |
| MICRO ELECTRONICS, INC., : | |
| : | |
| Defendants. : | |

**PLAINTIFF COMAPER CORPORATION'S MOTION
FOR RECONSIDERATION**

Plaintiff Comaper Corporation's moves the Court to reconsider the Order denying enhanced damages entered on December 17, 2008.

Respectfully submitted,

Dated: December 31, 2008         /s/Stephen J. Driscoll
                                 Stephen J. Driscoll

                                 Attorney for Plaintiff
                                 Saul Ewing, LLP
                                 1500 Market Street
                                 Philadelphia, PA 19102-2186
                                 Telephone:   (215) 972-7872

1127630.1 12/31/08

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMAPER CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> ANTEC, INC., BEST BUY CO., INC. AND MICRO ELECTRONICS, INC., <br><br> Defendants. | Civil Action No. 05-1103 |

**PLAINTIFF COMAPER CORPORATION'S MOTION
FOR RECONSIDERATION**

**ORDER**

The Court having heard Plaintiff Comaper Corporation's Motion for Reconsideration, and after considering the parties' papers and submission in support thereof and in opposition thereto, it is hereby **ORDERED** that Comaper's motion is **GRANTED**.

Comaper's damages award is hereby trebled under 35 U.S.C. §284, and Antec is hereby ordered to pay Comaper's attorney fees and disbursements including expert witness fees under 35 U.S.C. §284.

Dated: _____

_____
Honorable Petrese B. Tucker, USDJ

1127633.1 12/31/08